UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:10-CV-23794-SEITZ/O'SULLIVAN

LUIS VAZQUEZ,

      Plaintiff,

v.

M&T BANK CORPORATION,
A New York corporation;

      Defendant.

_____ /

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Complaint and Alternative Motion for a More Definite Statement [DE-11]. Plaintiff's one count complaint alleges a violation of the Real Estate Settlement Procedure Act (RESPA) based on Defendant's failure to respond to an alleged Qualified Written Request. Defendant moves to dismiss the complaint for failure to state a cause of action or, in the alternative, moves for a more definite statement. Because Plaintiff has failed to state a cause of action upon which relief can be granted, Defendant's Motion to Dismiss is granted.

I.    **The Complaint**

Plaintiff's complaint attempts to allege a violation of RESPA, 12 U.S.C. § 2605(e). Plaintiff alleges that Defendant was and is the loan servicer for a mortgage executed by Plaintiff. (Compl. ¶4.) The original 2005 loan secured by the mortgage was modified on April 16, 2008. (Compl. ¶9, 11.) On April 28, 2010, Plaintiff alleges that he made a Qualified Written Request in writing to Defendant. (Compl. ¶12.) The letter that Plaintiff alleges is the Qualified Written

Request was written by his wife, a non-party to this action, and is attached to the complaint as Exhibit A. On May 24, 2010, Defendant sent a letter in response to Plaintiff's April 28, 2010 letter. (Compl. ¶17.) The Defendant's response is attached to the complaint as Exhibit B. Plaintiff alleges that Defendant's response did not adequately address the loan servicing issues raised in Plaintiff's April 28, 2010 letter. (Compl. ¶18.) On June 23, 2010, Plaintiff, through his wife, sent a second letter to Defendant, which Plaintiff alleges is a Qualified Written Request. (Compl. ¶19.) The June 23, 2010 letter is attached to the complaint as Exhibit C. Plaintiff did not receive a response to the June 23, 2010 letter. Plaintiff alleges that he has suffered damages because he has had to continue making monthly payments under the loan, his indebtedness is overstated, and his credit will be harmed. (Compl. ¶25.) Plaintiff further alleges that he has suffered mental anguish and incurred attorney's fees and cost. (Compl. ¶25.)

## II.     Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### III. Analysis

Defendant moves to dismiss the complaint for failure to state a cause of action upon which relief can be granted. Plaintiff's complaint alleges that Defendant violated § 2605(e) of RESPA, by failing to respond to a Qualified Written Request from Plaintiff. Defendant asserts that the complaint does not establish that Plaintiff sent a Qualified Written Request to Defendant. Because the complaint does not establish that Plaintiff sent a Qualified Written Request to Defendant, the compliant fails to state a cause of action.

RESPA defines a Qualified Written Request as:

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). Under the statute a servicer is a person responsible for servicing a loan, which is defined as "receiving any scheduled periodic payments from a borrower." 12

U.S.C. § 2605(i)(2) & (3).

Defendant argues that the letters do not include a statement of the reasons for the belief of the borrower that the account is in error and the letters do not provide sufficient detail to Defendant regarding the information sought by Plaintiff. Plaintiff has attached to the complaint the letters he alleges constitute Qualified Written Requests. Those letters indicate that no request for information was made by Plaintiff regarding the servicing of the loan. The letters also do not include a statement of the reasons for Plaintiff's belief that the account is in error; in fact, the letters do not even state that Plaintiff believes that servicing of the account is actually in error. Nothing in the letter indicates that there was a problem with the way Defendant received Plaintiff's scheduled periodic payments due under the loan. All of the statements made in the letter that pertain directly to the loan are about the closing of the loan, not the servicing. Even the statements referred to by Plaintiff in his response to the Motion to Dismiss do not refer to the servicing of the loan or give reasons why Plaintiff believes that the account is in error. Thus, Plaintiff's complaint does not properly allege that Plaintiff made Qualified Written Requests. Accordingly, Plaintiff's complaint should be dismissed.

While Defendant's other arguments – that Plaintiff has failed to allege that he has suffered any actual or statutory damages and that Plaintiff has failed to join an indispensable party, his wife – may have merit, the Court need not reach these arguments. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss Complaint and Alternative Motion for a More Definite Statement [DE-11] is GRANTED in part and DENIED in part.

a) Defendant's Motion to Dismiss is GRANTED. Plaintiff shall file an amended complaint by **February 7, 2011 only if he has support for his allegations that he made**

**Qualified Written Requests.** If Plaintiff does not have any support for his allegations, he shall file a Notice of Voluntary Dismissal.

    b) Defendant's Motion for a More Definite Statement is DENIED as moot.

DONE AND ORDERED in Miami, Florida this 24th day of January, 2011.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record